JANET LEE HOFFMAN, OSB No. 78114
E-mail: janet@jhoffman.com
ANDREW WEINER, OSB No. 115485
E-mail: andrew@jhoffman.com
Janet Hoffman & Associates LLC
1000 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503-222-1125

Attorneys for Defendant Yates

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DAN HEINE AND<br>DIANA YATES,<br><br>　　　　　　Defendants. | NO. 3:15-CR-00238-SI<br><br>**DEFENDANT YATES'S RULE 16 DISCLOSURE FOR EXPERT WITNESSES** |

Comes now Defendant Diana Yates, by and through her attorneys, and pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), provides the following disclosures regarding expert witnesses:

- Mark C. Riley, 14732 Vint Hill Road, Nokesville, VA 20181

- David S. Porter, CPA, CFE, 888 SW 5th Avenue, Portland, OR 97204

- Dr. Daniel Reisberg, Patricia & Clifford Lunneborg Professor of Psychology, Psychology Department, Reed College, 3203 SE Woodstock Boulevard, Portland, OR 97202.

I.  **QUALIFICATIONS**

*See* curriculum vitae of Mark C. Riley (attached as Exhibit 1), David S. Porter (attached as Exhibit 2), and Dr. Daniel Reisberg (attached as Exhibit 3).

II. **SUMMARY OF EXPERT OPINIONS**

The following is a summary of the expected expert testimony based on the documents reviewed and information received to date. The above-named experts are presently reviewing and will continue to review materials in support of their expert opinions. Ms. Yates only recently received a production of more than 265,000 documents from the Bank of Oswego, which contains, *inter alia,* critical emails for Bank employees and other individuals whose conduct is directly at issue in this case. Ms. Yates's attorneys and her experts are in the process of processing and reviewing those documents, interviewing additional witnesses, and collecting information related to that production. For that reason, the opinions disclosed herein will be in all likelihood supplemented before trial, in accordance with FRCP 16(c).

A.  **Mark C. Riley**

Mr. Riley will offer expert testimony on the following subjects: (1) placing the Bank of Oswego into the context of a de novo community bank; (2) the role of the FDIC as regulators and Moss Adams as auditors, and their relationship with the Bank; (3) the role of a Chief Financial Officer in the operation of a bank, and Diana Yates's specific responsibilities given the Bank's organizational structure; (4) the responsibilities and duties of Bank officers and employees related to the specific transactions that are the subject of the government's allegations; (5) the nature of a bank Board of Directors, and information that would be material to a Board of Directors of a bank and others; (6) appropriate measures of a bank's financial health including the Texas ratio; and (7) the nature and quality of Ms. Yates's communications

and interactions with the Board, the FDIC and others. Mr. Riley is also expected to provide expert testimony to rebut those opinions provided by the government's experts.

Mr. Riley's specific opinions will be based on his knowledge, training, and experience, and his review of the following documents:

1. Indictment in *United States v. Dan Heine and Diana Yates, Case No. 3:15-CR-00238-SI*
2. Diana Yates resume
3. Bank of Oswego Employee Salary Schedule dated January 12, 2011
4. Bank of Oswego Organizational Charts
5. Bank of Oswego Employee files for Beth Anderson, Brandy Comer, Carol Williams, Dan Heine, Danny Williams, Diana Yates, Geoff Walsh, Hillary Hess, Julie Frank, Kelly Francis, Malinda Pacholl, and Mark Adams
6. 2011 and 2012 FDIC Reports of Examination of Bank of Oswego
7. October 21, 2013 FDIC Proposed Notice of Prohibition and Proposed Notice of Assessment
8. December 3, 2013 response to FDIC Proposed Notice of Prohibition and Proposed Notice of Assessment
9. FDIC - Notice of Intention to Prohibit from Further Participation, Notice of Civil Penalties, Findings of Fact and Conclusions of Law, Order to Pay, and Notice of Hearing. FDIC-14-0213e & FDIC-14-0217k. Diana Yates, individually and as an institution affiliated party of The Bank of Oswego
10. Bank of Oswego Board of Directors Reports for period between January 2007 and April 2013
11. Bank of Oswego Board of Directors Minutes for period between December 2008 and January 2014
12. Bank of Oswego Call Reports for period between 2005 and 2013
13. Bank of Oswego Audit Committee Minutes for period between April 2009 and March 2012
14. Bank of Oswego Internal Loan Committee Minutes for period between December 2008 and February 2013

15. Bank of Oswego Past-Due Loan Reports for period between December 2008 and February 2013
16. Bank of Oswego records associated with Jessica and Bette Yates
17. Bank of Oswego written policies related to commercial real estate, loan and loan review, non-performing assets, real estate appraisal, wire transfers, and Regulation O dated 2009 through 2011
18. Bank of Oswego Investor Update Letters from 2009 through 2011
19. FBI Reports from interviews with Beth Anderson, Brandy Comer, Alan Federici, Kelly Francis, Julie Frank, Nancy Griesenauer, Jonathan Harnish, Dan Heine, Kerry Luce, Steve McCammon, Chris Shepanek, Bridget Smith, Mindy Spinner, Geoff Walsh, Danny Williams, Nicole Williams, and Diana Yates
20. Transcript of Deposition of Diana Yates taken in *Bank of Oswego v. Geoff Walsh, Case No. CV-1206-0128*
21. FDIC Reports from interviews with Beth Anderson, Brandy Comer, Michael Diamond, Jeanne and Jeffrey Firstenburg, Kelly Francis, Dan Heine, David Regan, Chris Shepanek, Bridget Smith, and Carol Williams
22. FDIC Memoranda of Activity related to investigation of Bank of Oswego
23. Transcript of Deposition of Michael Adams, Beth Anderson, Brandy Comer, Kelly Francis, Jonathan Harnish, Dan Heine, Chris Shepanek, and Danny Williams taken in *The Matter of The Bank of Oswego, Case No. FDIC-12-624n*
24. February 15, 2013 Written Statement of Geoff Walsh and related FBI 302 Report dated September 20, 2013
25. Transcripts of Grand Jury Testimony
26. Bank of Oswego Management Representation Letters to Moss Adams from 2010 through 2012
27. Moss Adams Audit Reports for 2009 through 2012
28. Document provided by Banker's Advantage pursuant to Grand Jury Subpoena P13-0908
29. Banker's Advantage Audit Reports for 2010 and 2011
30. ALX Consulting Audit Report dated July 18, 2011
31. Shiraishi & Kitchen Audit Report dated October 18, 2010

32. Records related to Randall Coleman loan accounts
33. Records related to A Avenue property
34. Records related to Marty Kehoe loan accounts and July 26, 2010 wire
35. United States Attorney's Office Investigative Summary related to Randall Coleman loan accounts
36. U.S. District Court, District of Oregon, Portland Division, Case 3:15-cr-00238-SI, U.S. v. Dan Heine and Diana Yates, Filed 06/24/15
37. Uniform Bank Performance Reports - The Bank of Oswego for periods 12.31.2004 to 12.31.2013
38. 8.125 Bank Fraud - Scheme to Defraud Bank (18U.S.C. 1344(1))
39. FDIC Summary Data, Today's Bank for periods ending 12.31.2002 through 06.30.2003 (www5.fdic.gov/idasp/advSearch_rpt_Financial.asp)
40. ABA Stonier Graduate School of Banking (www.abastonier.com)
41. The Bank of Oswego Press Release, 06.10.2010 - Western Independent Bankers Announces Dan Heine of The Bank of Oswego as New Board Member
42. The Bank of Oswego Press Release, 10.24.2004 - New Bank Selects Board of Directors
43. Riverview Bancorp, Inc. Form 425, 02.06.2003 - Riverview Bancorp, Inc. to Acquire Today's Bancorp, Inc.
44. Dallas Fed, Vol. 1, Issue 3, 11.28.12 - The So-Called Texas Ratio
45. FFIEC Consolidated Reports of Condition and Income for a Bank With Domestic Offices Only - FFIEC 041, 12.31.2011, Last updated 06.26.2013
46. FFIEC Consolidated Reports of Condition and Income for a Bank With Domestic Offices Only - FFIEC 041, 03.31.2011, Last updated 06.26.2013
47. FFIEC Consolidated Reports of Condition and Income for a Bank With Domestic Offices Only - FFIEC 041, 12.31.2010, Last updated 06.26.2013
48. FFIEC Consolidated Reports of Condition and Income for a Bank With Domestic Offices Only - FFIEC 041, 09.30.2010, Last updated 06.26.2013
49. FFIEC Consolidated Reports of Condition and Income for a Bank With Domestic Offices Only - FFIEC 041, 06.30.2010, Last updated 06.26.2013

50. FFIEC Consolidated Reports of Condition and Income for a Bank With Domestic Offices Only - FFIEC 041, 12.31.2009, Last updated 06.26.2013

51. Investor Center, updated 10.04.2010 (www.dailyfinance.com/2010/10/02/robo-signing-scandal-spread…) - Robo-Signing: Documents Show Citi and Wells Also Committed Foreclosure Fraud

52. Fannie Mae Mortgage Fraud Program (2011) Fraud Schemes and Their Characteristics - Resources to Help You Combat Mortgage Fraud

53. Fannie Mae Mortgage Fraud Program (2011) Fraud Schemes and Their Characteristics - Common Red Flags - Resources to Help You Combat Mortgage Fraud

54. U.S. District Court, District of Oregon, Portland Division, Case 3:13-cr-00332-KI, U.S. v. Geoffrey S. Walsh aka Geoff Walsh, and Gregory B. Walsh, Filed 10/15/14

55. McDonnell Property Analytics, 01.31.2012 - Securitization Analysis and Foreclosure Forensics - Determining the Gaps in the Chain of Title

56. Portland Tribune, 08.09.2013, Ex-Bank of Oswego exec fights fraud charges (http://www.pamplinmediagroup.com/pt/9-news/158808-ex-bank-of-oswegofights-fraud-charges)

57. Coleman Report, 06.29.2015, Community Bank CEO CFO Arrested for Hiding Bad Loans From FDIC (http://colemanreport.com/mug-shot-monday-community-bank-ceo-cfo-arrested-for-hiding-bad-loans-from-fdic/)

58. Portland Tribune, 06.29.2015, Heine, Yates face federal bank fraud charges (http://portlandtribune.com/lor/48-news/265157-138777-heine-yates-face-federal-bank-fraud-charges)

59. Coleman Report, 07.06.2015, Last week, I reported on the 27 count indictment against the former CEO and CFO of Oregon-based Bank of Oswego (http://colemanreport.com/mug-shot-monday-bank-of-oswego-indictments/)

60. Portland Tribune, 07.22.2015, Former Bank of Oswego executive pleads guilty to conspiracy charges (http://portlandtribune.com/pt/9-news/267503-141810-former-bank-of-oswego-executive-pleads-guilty-to-conspiracy-

        charges&c=IDNdwgwpQNlrBy0fMCc63Bd7DWU5kqRMiCPFdNz9ntA&mkt=en-us)

61. Coleman Report, 07.24.2015, fraud friday, bank of oswegos first guilty plea (http://colemanreport.com/fraud-Friday-bank-of-oswegos-first-guilty-plea/)
62. Portland Tribune, 11.19.2015, Trial date set for former Bank of Oswego execs Heine, Yates (https://www.sbfi.org/2016/06/01/loan-officer-greg-walsh-pleads-guilty-to-fraud/)
63. The Oregonian, 03.31.2016, Smoke and mirrors: Court documents shed new light on Bank of Oswego scandal (http://www.oregonlive.com/money/index.ssf/2016/03/new_documents_shed_light_on_bank_of_oswego_scandal.html)
64. The Oregonian, 04.26.2016, A guilty plea in the $3 million fraud involving Arizona widow, Lake Oswego banker (http://www.oregonlive.com/money/index.ssf/2016/04/greg_walsh_pleads_guilty_to_conspiracy_to_commit_wire_fraud.html)
65. Small Business Finance Institute, 06.01.2016, Loan Officer Greg Walsh Pleads Guilty to Fraud (https://www.sbfi.org/2016/06/01/loan-officer-greg-walsh-pleads-guilty-to-fraud/)
66. FDIC Enforcement Actions (https://www5.fdic.gov/EDO/DataPresentation.html)
67. FHFA Real Estate Owned (http://www.fhfa.gov/PolicyProgramsResearch/Policy/Pages/Real-Estate-Owned-(REO).aspx)
68. Hard Money Loans (http://hardmoney.tips/investors-guide-to-private-hard-money-lending/)

      Mr. Riley will provide his opinion regarding Ms. Yates's role as Chief Financial Officer in the Bank of Oswego's operations, as well as the roles of other bank officers and employees, such as Dan Heine, Geoff Walsh, Kelly Francis and others. He will also testify regarding the role of the Bank's Internal Loan Committee. He will provide his opinion on the nature and quality of Ms. Yates's conduct in the performance of her duties, including her interactions with

bank employees, the normal flow of documents and information among bank staff, and her reasonable reliance on the work of, and information received from, her subordinates and outside auditors. Mr. Riley will further testify regarding Ms. Yates's reporting obligations to the Board and the nature of information relevant and material to the Board. Mr. Riley will testify regarding how Ms. Yates fit within the structure of the bank's management hierarch and that her conduct met the professional and legal standards for a person in her position under the circumstances.

Second, Mr. Riley will provide his opinion regarding transactions and loan accounts that are the subject of the government's allegations. Mr. Riley will testify that it is his opinion that Ms. Yates did not conceal material information she was aware of related to these transactions from the Board, the FDIC or others. Further, he will testify that Ms. Yates took reasonable and appropriate actions related to the enumerated transactions in her role at the Bank, in light of the information she received from others and the circumstances presented.

Third, Mr. Riley will testify regarding appropriate measures of the Bank of Oswego's financial health, including the application of the Texas Ratio. He will testify that Ms. Yates's conduct did not have a material effect on the bank's financial health.

Finally, Mr. Riley will provide his opinion regarding the nature and quality of Ms. Yates's communications and interactions with the FDIC. Mr. Riley will testify that Ms. Yates's efforts to comply with the FDIC in its regulatory oversight of the bank were reasonable and appropriate.

### B. David S. Porter

Mr. Porter will offer expert testimony on the following subjects: (1) the role of a Chief Financial Officer in the operation of a bank the size and complexity of the Bank of Oswego—a de novo community bank—and Diana Yates's role as Chief Financial Officer for the Bank of

Oswego; (2) the financial documents referenced in the Indictment, including their purpose, the meaning of information found therein and how they are generated; (3) the role of a bank's outside auditor, and the specific work performed by Moss Adams for the Bank; (4) appropriate measures of the Bank's financial health; (5) internal controls within the Bank; (6) the number and amount of financial transactions at the Bank during the period relevant to the government's allegations; (7) appropriate accounting for the specific transactions described in the Indictment; and (8) the hallmarks of a financial fraud scheme. Mr. Porter is also expected to provide expert testimony to rebut those opinions provided by the government's experts.

Mr. Porter's specific opinions will be based on his knowledge, training, and experience, and his review of the following documents:

1. Indictment in *United States v. Dan Heine and Diana Yates, Case No. 3:15-CR-00238-SI*
2. Diana Yates resume
3. May 18, 2010 and June 1, 2010 Memoranda of Understanding signed by Bank of Oswego Board of Directors
4. 2011 and 2012 FDIC Reports of Examination of Bank of Oswego
5. October 21, 2013 FDIC Proposed Notice of Prohibition and Proposed Notice of Assessment
6. December 3, 2013 response to FDIC Proposed Notice of Prohibition and Proposed Notice of Assessment
7. Bank of Oswego Board of Directors Reports for period between January 2007 and April 2013
8. Bank of Oswego Board of Directors Minutes for period between December 2008 and January 2014
9. Bank of Oswego Call Reports for period between 2005 and 2013
10. Bank of Oswego Supplemental Narrative Statement to Everest National Insurance Co., "Proof of Loss" Form FIB Policy No. 8100000671-121, June 11, 2013
11. ABA Insurance Services Letter Re: Claim No. 8100000671-121, May 9, 2014

PAGE 9− DEFENDANT YATES'S RULE 16 DISCLOSURE FOR EXPERT WITNESSES

12. Bank of Oswego RPT-792 quarter-end reports for 1Q 2010 through 2Q 2012
13. Bank of Oswego written policies related to commercial real estate, loan and loan review, non-performing assets, real estate appraisal, and Regulation O dated 2009 through 2011
14. FBI Reports from interviews with Diana Yates, Dan Heine and Geoff Walsh
15. Transcript of Deposition of Diana Yates taken in *Bank of Oswego v. Geoff Walsh, Case No. CV-1206-0128*
16. Bank of Oswego employee file for Geoff Walsh
17. FDIC Reports from interviews with Dan Heine
18. Transcript of Deposition of Dan Heine taken In *The Matter of The Bank of Oswego, Case No. FDIC-12-624n*
19. February 15, 2013 Written Statement of Geoff Walsh and related FBI 302 Report dated September 20, 2013
20. United States Attorney's Office Investigative Summary related to FDIC Call Reports
21. Records related to Randall Coleman loan accounts
22. Transcripts of Grand Jury Testimony
23. Documents received from Moss Adams pursuant to subpoena
24. Comptroller's Handbook on A-OREO, Sept. 2013
25. Instructions for Preparation of Consolidated Reports of Condition and Income (FFIEC 031,032, 033, and 034)
26. Simpson Thacher Memorandum, *Federal Reserve Adopts Final U.S. Bank Capital Standards Under Basel III*, July 8, 2013
27. Dallas Fed, Vol. 1, Issue 3, 11.28.12 - The So-Called Texas Ratio.

Mr. Porter will provide testimony regarding Diana Yates's role as Chief Financial Officer for the Bank of Oswego and her communication and conduct as it relates to Moss Adams audits of the Bank's financial statements. Mr. Porter will also testify regarding Ms. Yates's reliance on advice and information from Moss Adams and others in the performance of her duties.

Mr. Porter will provide his opinion regarding appropriate measures of the Bank of Oswego's financial health, including the application of the Texas Ratio and other indicators of a bank's financial health.  He will testify regarding his analysis of the Bank's overall financial health during the period relevant to the government's allegations, Bank management's presentation of the Bank's financial health, and the materiality of the transactions described in the Indictment.

Mr. Porter will provide his opinion regarding internal controls within the Bank of Oswego.  He will testify that the bank utilized appropriate controls for transactions such as loan approvals and wire transfers and that, for purposes of audit, these controls were properly adhered to with regard to transactions described in the Indictment.  Further, Mr. Porter will testify that, in his experience, it is reasonable and appropriate for a person in Ms. Yates's position to rely on the information provided by others as it relates to specific financial transactions, if particular controls are in place.  Mr. Porter will testify about internal control problems at the Bank related to Dan Heine, and its impact on the transactions described in the Indictment.

Mr. Porter will testify regarding appropriate accounting methods for the specific transactions described in the Indictment.  He will provide his opinion regarding the use of cash and other nonrefundable assets as down payment in the sale of OREO property.

Finally, Mr. Porter will provide his opinion regarding how an auditor might identify a financial fraud scheme.  He will testify that the misconduct alleged by the government in this case does not follow the pattern expected in such a scheme, including that it is infrequent and spread out across several years; it lacks materiality as to individual financial statements, and there is a lack of financial gain or identifiable loss.  Mr. Porter will testify that the misconduct alleged in the government's indictment does not have the hallmarks of a financial fraud scheme.

### C. Dr. Daniel Reisberg

Dr. Reisberg will offer expert testimony on the following subjects: (1) witness contamination; (2) human memory of conversations; (3) the reliability of witness recollection of prior events and the effect of repeated questioning and repeated testimony regarding this recollection; and (4) explicit source monitoring.

Dr. Reisberg's specific opinions will be based on his knowledge, training, and experience, including but not limited to the following texts:

1. Reisberg, D. (2016). *Cognition: Exploring the Science of the Mind, 7th edition*. New York: Norton
2. Reisberg, D. (2014). *The science of perception and memory: A pragmatic guide for the justice system*. New York: Oxford University Press

Dr. Reisberg's specific opinions will also be based on his review of the following documents:

1. Transcript of Deposition of Diana Yates taken in *Bank of Oswego v. Geoff Walsh*, Case No. CV-1206-0128
2. Video Recording of Deposition of Diana Yates (Part 1) taken in *Bank of Oswego v. Geoff Walsh*, Case No. CV-1206-0128

Dr. Reisberg will provide his opinion regarding the basic functioning of human memory. He will testify regarding the effect of witness contamination, particularly in the context of false confessions. He will testify that false confessions often occur as the result of detectives' and others' disclosure of information to a suspect, which when repeated back to the detectives, can lead to an incorrect conclusion regarding the suspect's personal knowledge and guilt.

Dr. Reisberg will testify regarding the nature and quality of people's memories, especially regarding conversations. He will testify regarding people's ability to accurately recall

information that occurred during prior conversations, and difficulties with the recollection of verbatim phrasing and the sequencing of particular statements.

Dr. Reisberg will provide his opinion regarding how witnesses' memories can be affected through the recollection of prior events and conversations. He will testify that when people recall events and conversations, it is common for them to begin incorporating new information that was not a part of their original memory. He will further testify that people are likely to integrate additional data they learn after the fact into their own memory, and that their certainty regarding these recalled events increases with each retelling. He will also testify regarding the questionable value of relying on a witness's certainty in evaluating the accuracy of that recollection.

Finally, Dr. Reisberg will testify regarding "explicit source monitoring," which is the process by which someone attempts to discern and recall the particular source of information that they have integrated into their memories. He will testify that there are limitations with this process because it is very difficult for people to monitor the source of their memories accurately.

DATED this 12th day of August 2016.

Respectfully submitted,

/s/ Andrew Weiner
JANET HOFFMAN, OSB No. 78114
ANDREW WEINER, OSB. No. 115485
Attorneys for Diana Yates