# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:15-cr-238-SI |
| v. | **OPINION AND ORDER ON DEFENDANT YATES'S MOTION FOR RELIEF REGARDING BANK'S PRIVILEGE LOG AND EMAILS** |
| **DAN HEINE and DIANA YATES**, | |
| Defendants. | |

Billy J. Williams, United States Attorney, and Claire M. Fay, Michelle Holman Kerin, and Quinn P. Harrington, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for the United States of America.

Jeffrey Alberts and Mark Weiner, PRYOR CASHMAN, LLP, 7 Times Square, New York, NY 10036; Caroline Harris Crowne and Michael C. Willes, TONKON TORP, LLP, 1600 Pioneer Tower, 888 S.W. Fifth Avenue, Portland, OR 97204. Of Attorneys for Defendant Dan Heine.

Janet Lee Hoffman, Kelsey R. Jones, Andrew T. Weiner, and Katherine Feuer, JANET HOFFMAN & ASSOCIATES, LLC, 1000 S.W. Broadway, Suite 1500, Portland OR 97205; Matthew J. Kalmanson, HART WAGNER LLP, 1000 S.W. Broadway, Suite 2000, Portland, OR 97205. Of Attorneys for Defendant Diana Yates.

G. Kevin Kiely, Casey M. Nokes, and Nicole M. Swift, CABLE HUSTON, LLP, 1001 S.W. Fifth Avenue, Suite 2000, Portland, OR 97204. Of Attorneys for The Bank of Oswego.

**Michael H. Simon, District Judge.**

Defendants Dan Heine ("Heine") and Diana Yates ("Yates") are charged with conspiring to commit bank fraud and making false bank entries, reports, and transactions during the time that they were the two most senior officers of The Bank of Oswego (the "Bank"). ECF 1. Before the Court is Defendant Yates's Motion for Relief Regarding Bank's Privilege Log and Emails (ECF 455). For the reasons discussed below, Yates's motion is granted in part.

## BACKGROUND

On January 20, 2016, Yates served a subpoena *duces tecum* pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure on the Bank. The Bank filed a Motion to Quash or Modify Yates's Subpoena. ECF 124. One of the arguments raised by the Bank was that several of Yates's requests seek documents that are protected from disclosure under the attorney-client privilege or the work product doctrine, which the Bank did not waive. On March 31, 2016, the Court granted in part and denied in part the Bank's motion. ECF 201. Among other things, the Court directed the Bank to provide to the Court for *in camera* review copies of certain documents that the Bank sought to withhold on the ground of privilege. *Id*. at 29-30.

The Bank provided to the Court 207 documents in .pdf format and five files in .wav format. On May 31, 2016, after conducting an *in camera* review, the Court identified 58 .pdf documents that appeared to be privileged and ordered that those documents need not be produced. ECF 241 at 2-3. The Court also found that the remaining 149 .pdf documents (reflecting 72 percent of all .pdf documents withheld by the Bank and submitted to the Court for *in camera* review) and all five .wav files were not attorney-client privileged. As the Court explained in its Order,

> Many of these documents show that they were copied to the Federal Bureau of Investigation or sent to the Federal Deposit Insurance Corporation (including Suspicious Activity Reports).

> Other documents appear to be ordinary business records that do not appear to contain any confidential communication in furtherance of the rendition of professional legal services or reasonably necessary for the transmission of any such communication. *See* Or. Rev. Stat. § 40.225 (Oregon Evidence Code Rule 503). Other documents include photographs that do not appear to communicate confidential communication and items that were publicly filed with a state court (including pleadings and writs of garnishment). And one document sent to the Court for *in camera* review is just a blank page with a "confidential" footer (Doc. 1236).

*Id.* at 4.

On June 15, 2016, the Bank moved for reconsideration regarding six documents. ECF 262. On June 17, 2016, the Court largely denied the Bank's motion, but allowed the Bank to make certain limited redactions in several of the documents. ECF 268. In its Order, the Court stated:

> As explained in one of the leading treatises on attorney-client privilege:
>
>> Perhaps the most vexing legal challenge with e-mail communications has been the tendency of entity defendants to exaggerate attorney-client privilege claims simply because lawyers' names appear in headers, either as addressees or copyees. Such blanket, sweeping invocations of the privilege obviously ignore the principle that ***communications received by an attorney are protected by the privilege only if the primary purpose of the communications (or segregable portions of them) was to obtain legal advice or assistance***. Far too often, however, business e-mails are copied or addressed to lawyers simply to try to make it appear that the privilege applies when it, in fact, does not because the communication's primary purpose is business, not legal. When this occurs, of course, the claims of privilege must be denied.
>
> Paul R. Rice, 1 ATTORNEY-CLIENT PRIVILEGE IN THE UNITED STATES § 5:20 at 882 (2015) (emphasis added) (footnotes omitted). *See also Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 630 (D. Nev. 2013) ("the court agrees that merely copying or "cc-ing" legal counsel, in and of itself, is not enough to trigger the attorney-client

> privilege. Instead, each element of the privilege must be met when
> the attorney-client privilege is being asserted, and the court will
> review each communication at issue with this in mind.").

ECF 268 at 2-3.

In June 2016, the Bank began to produce responsive documents to Yates. On

September 6, 2016, the Bank provided a privilege log to Yates that contains 5,120 separate

entries for documents withheld by the Bank under a claim of privilege. ECF 455 at 5. As

explained by Yates in her pending motion, the Bank's privilege log

> contains categories that identify who sent, received, and were copied
> on each email. There are categories called "datesent" "docdate" and
> "createdate." The "datesent" category appears to be the date the email
> was sent but the other two are mostly blank and their significance is
> unknown. There is a category called "subject" and another called
> "name," however, the content of these field[s] is inconsistent. The
> "subject" category appears to identify the subject or "re:" line of the
> email. The "name" line is mostly blank throughout the log, although
> at times it may identify an attachment. Around entry 695, what
> presumably is the "re:" line of the email now appears in the "name"
> category, and the "subject" category is blank—this pattern reverses
> around entry 2475 and again around entry 3989.
>
> The privilege log does not contain sufficient information to determine
> the bases for the claims of privilege. In some cases it is self-
> explanatory because it is an email "from" a lawyer, but in many
> others it is not. Indeed, many of the entries reflect communications
> that were not sent to, received by, or even copied to an attorney. (*See,
> e.g.*, entries 5, 46, 86, 91, 92, 95, 96, 97, 98, 106, 113, 116, 117, 118,
> 121, 122, 130, 227). Others "cc:" an attorney, but based on the
> "subject" or "name," it is difficult to understand the basis for
> privilege. For example, the Bank withheld emails that attach drafts of
> Board minutes, which are key documents in this case. (*See, e.g.*,
> entries 1, 2, 3, 4, 5, 87). Other emails were sent by the FDIC, and thus
> cannot be privileged under any theory. (*See, e.g.*, entries 911, 1122,
> 2448, 3390). Finally, it appears that every document for which the
> Bank asserts privilege was wholly withheld—based on a review of
> documents the Bank did produce, it does not appear that there is a
> single redacted document except for those produced pursuant to this
> Court's order after *in camera* review of the TAS documents.

ECF 455 at 5-6 (footnote omitted).

**DISCUSSION**

Yates and the Bank continue to disagree over the Bank's responses to Yates's subpoena.

On October 14, 2016, Yates filed Defendant Yates's Motion for Relief Regarding Bank's

Privilege Log and Bank's Purportedly Privileged Emails. ECF 455. Yates asks the Court

> (1) to require the Bank to certify that it has authority to assert
> privilege; (2) conduct *in camera* review of the emails on the
> Bank's privilege log, or appoint a Special Master to do so; (3)
> require the Government to produce all privileged documents from
> the Bank's emails that qualify as *Brady* or *Giglio* material; and (4)
> conduct *in camera* review of all privileged documents that relate in
> any way to the Bank's investigation of Geoff Walsh or Diana
> Yates, so the Court can determine whether they are subject to the
> crime-fraud exception.

*Id*. at 2. On October 18, 2016, the Bank responded to Yates's motion. ECF 465.[1]

**A.  Conference of Counsel**

In her motion, Yates represents that "Counsel for Ms. Yates sent emails to counsel for the

Bank of Oswego ( the 'Bank') raising concerns about discovery, including about the privilege

log, and requesting to confer. The Bank did not respond." ECF 455 at 1. In its response to the

pending motion, the Bank opposes Yates's motion *solely* on the ground that Yates failed to

comply with her obligation to confer before filing a motion. ECF 465 at 1, *citing* ECF 213

(Order dated April 5, 2016, directing that "all parties are ordered to confer with opposing counsel

before filing any further motions in this case and shall certify in the first paragraph of any future

motions that the required conference has occurred"). The Bank added in a footnote: "To the

extent the Court declines to deny Yates's motion at this time, the Bank reserves all rights to file a

response in opposition to the substance of Yates's motion." ECF 465 at 1 n.1. The Bank,

---

[1] The Government's response to points (3) and (4) of Yates's motion is due on
October 28, 2016. Accordingly, the Court in this Order only addresses points (1) and (2), which
apply to the Bank.

however, had no such right to reserve. The Bank never sought, let alone received, permission from the Court to split its arguments and file a second response if the Court did not accept the Bank's first response. Thus, the Court considers as the Bank's only response its argument that Yates did not adequately confer before filing her motion on October 14, 2016.

On the merits of this response, the Court rules against the Bank. On September 22, 2016, at 4:53 p.m., counsel for Yates sent an email to counsel for the Bank. The subject line states: "Bank of Oswego Privilege Log." The entirety of the body of that email reads:

> I am writing you concerning the privilege log the Bank produced on September 6, 2016. We have gone through a portion of the 5000+ entries, and we cannot tell the bases for your claims of privilege. Many of the entries reflect communications that were not sent to or received from an attorney. (See, e.g., # 5, 46, 86, 91, 92, 95, 96, 97, 98, 106, 113, 116, 117, 118, 121, 122, 130, 227, etc.). Other entries have an attorney copied on the email, but based on the subject line, it is difficult to see how the entire document could be privileged. (See, e.g., # 1, 2, 3, 4, 5, 87, etc.).

> We refer you to Judge Simon's Order on the Bank of Oswego's Motion for Reconsideration (Dkt. 268), where he noted that simply because an attorney is copied on a communication does not make the communication privileged. For the attorney-client privilege to apply, the primary purpose of the communication must be to give or receive legal advice, or communicate the results of legal advice. It is apparent from our review of the documents the Bank produced following the Court's *in camera* review that this is why Judge Simon previously rejected most of your claims of privilege regarding the TAS documents. Furthermore, the presence of an attorney-client privileged communication in what is otherwise a non-privileged document is not a basis to withhold the entire document. See again the Court's Order on the Bank's Motion for Reconsideration, in which Judge Simon ordered production of documents containing privileged passages subject only to redaction of those passages.

> We did not go through every one of the 5120 entries because we cannot evaluate your claims given the information you provided. Please give me a call to discuss.

PAGE 6 – OPINION AND ORDER

ECF 469 at 17. According to Yates's counsel, the Bank did not respond to that email. ECF 455 at 1. In its response to Yates's pending motion, the Bank did not deny that assertion. ECF 465.

The Court considers Yates's email sent on September 22, 2016, to be a sufficient (although not preferred) conference of counsel, especially in light of the history of discovery disputes concerning the Bank's assertion of privilege in this case. Thus, because the only argument advanced by the Bank is that Yates failed to confer and the Court finds the Bank's argument on that point to be insufficient, the Court grants Yates's motion to the extent that it applies to the Bank.

**B.  Order to the Bank**

The Court recognizes that the Bank is a third-party in this criminal case. Further, the Court recognizes that, at least according to the Indictment and the Government's theory of the case, the Bank is a victim of criminal conduct alleged to have been committed by Heine and Yates. Thus, in this Order, the Court will attempt to reduce the burden and expense on the Bank of complying with Yates's motion, at least to the extent that it reasonably can be done consistent with Yates's rights.

*It is hereby Ordered that not later than Monday, October 31, 2016, the Bank (and, where applicable, Yates) shall comply with the following:*

1.       Within the next four calendar days, the Bank and Yates shall promptly confer to determine whether they can agree upon which of the 5,120 entries in the Bank's privilege log concern documents that are "unrelated to the government's case or Ms. Yates's defense." *See* ECF 470 at 2, ¶ 6. To the extent that the Bank and Yates agree, but only to that extent, any such irrelevant documents need not—and should not—be provided to the Court for *in camera* inspection pursuant to this Order.

2.      After reducing the 5,120 entries pursuant to ¶ 1 above (if any such reduction is possible), the Bank may elect to comply with this Order by delivering to Yates copies of some or all of the 5,120 documents previously withheld as privileged, and, because such a production would be pursuant to Court Order, the Court further expressly Orders that any such document produced pursuant to this Order will not constitute either a waiver of the attorney-client privilege for any such document produced or a subject matter waiver for the subject matter of any such document. In other words, in order to reduce the burden and expense on the Bank, the Bank may elect under this Order simply to produce all (or most) of the withheld relevant and responsive documents and such a production will not constitute a waiver of any privilege, either for the produced document or its subject matter.

3.      For all withheld documents, if any, that are not produced pursuant to ¶ 2 above and that have not been excluded pursuant to ¶ 1 above, the Bank shall prepare and file a revised privilege log that clearly and separately states, for each such document still being withheld, sufficient information for the Court to determine whether the document is being properly withheld. For each specific document still being withheld by the Bank under a claim of attorney-client privilege, the Bank in its revised privilege log must provide sufficient information to show that: (1) legal advice has been sought from a professional legal adviser acting in his or her capacity as such; (2) the document being withheld is a communication relating to that purpose; and (3) the document reflects a communication that either was made in confidence by the client or reveals a communication made in confidence by the client. Further, no attorney-client privilege may be claimed for any communication when the privilege has been waived by disclosure to a third-party. In addition, if only a portion of a document being withheld is privileged, the Bank must provide to Yates redacted copies of that document and must indicate in

its revised privilege log precisely what portion of the document has been redacted in a manner that will facilitate efficient *in camera* inspection by the Court.

      4.      The Bank shall provide to the Court for *in camera* inspection copies (either electronic or paper, at the Bank's election) of all documents still being withheld, if any, that are listed in the Bank's revised privilege log described in ¶ 3 above. The Court will carefully review *in camera* each such submitted document (or redacted portion of such document) being withheld by the Bank, along with the Bank's revised privilege log, to determine whether a document (or redaction) has been properly withheld by the Bank.

      5.      Only documents (or redactions) that are proper to be withheld under the attorney-client privilege or work product doctrine may be withheld by the Bank on those bases. If the Court finds that this Order (including this ¶ 5) has not been complied with concerning any of the documents submitted to the Court for *in camera* inspection pursuant to this Order, the Court may enter an order *sua sponte* directing the Bank, its counsel, or both to show cause why sanctions, including contempt, should not issue.

      6.      Finally, to the extent that any documents are being submitted to the Court for *in camera* review, because the Bank's assets have been sold to a third-party (as stated by Yates in her motion), the Bank must file, along with the Bank's revised privilege log, a declaration certifying that the Bank continues to have the legal authority to assert the attorney-client privilege. *See United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well.") (brackets in original) (quotation marks and citation omitted).

PAGE 9 – OPINION AND ORDER

## CONCLUSION

Defendant Yates's Motion for Relief Regarding Bank's Privilege Log and Emails
(ECF 455), is granted in part against the Bank; Yates's motion remains pending as against the
United States.

**IT IS SO ORDERED**.

DATED this 21st day of October, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge