

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Quinn P. Harrington
Assistant U.S. Attorney
Quinn.Harrington@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 23, 2022

Ms. Janet Lee Hoffman
Janet Hoffman & Associates
1000 SW Broadway Ste 1500
Portland OR 97205

      Re:    *United States v. Diana Yates*, Case No. 3:15-cr-00238-02
              Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 1 of the Superseding Information, which charges a violation of Title 18, United States Code, Section 214.

3.    **Penalties**:  The maximum sentence is 1 year of imprisonment, a fine of $100,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), 1 year of supervised release, and a $25 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Ms. Hoffman
Re: Yates Plea Agreement Letter
Page 2
3/23/2022

5.    **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

      First, the defendant agreed to give a thing of value in exchange for an extension of credit;

      Second, the extension of credit was through a financing institution;

      Third, the extension had an indirect impact on the Federal Reserve; and

      Fourth, the thing of value and all material facts with respect to the arrangement were not disclosed in writing

      Defendant has fully discussed the facts of this case and any potential defenses with defense counsel.  Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea.  The following facts are true and undisputed:

    a.  Background

      At all relevant times, Defendant Diana Yates was the Chief Financial Officer at the Bank of Oswego. The Bank of Oswego was a financing institution that made extensions of credit. Bank of Oswego had its own bank through which is obtained funds to extend credit, and transactions conducted by Bank of Oswego indirectly impacted the Federal Reserve.

    b.  The Transaction

      In or about October of 2010, the Bank of Oswego lost any interest on a piece of real property, hereinafter referred to as "the A Avenue Property," after a foreclosure action by the holder of a senior lien. In or about November 2010, the A Avenue Property was listed for sale under restrictive terms. Specifically, the sale was initially restricted to individuals, meaning that financial institutions, like the Bank of Oswego, could not purchase the property.

      In or about January 2011, Defendant Diana Yates, and others, agreed to arrange for Bank of Oswego employee, Employee 1, to obtain title to the A Avenue Property. To accomplish this transaction, Defendant Diana Yates authorized the use of bank funds to purchase the A Avenue Property in the name of Employee 1. In doing so, Defendant Diana Yates provided an extension of credit from the Bank of Oswego to Employee 1 to purchase the property in his name. In exchange for this extension of credit, Employee 1 received something of value in the form of

Revised May 2018

Ms. Hoffman
Re: Yates Plea Agreement Letter
Page 3
3/23/2022

clear title to the A Avenue Property, because no lien or other encumbrance was filed against the A Avenue Property. This transaction also provided another thing of value to Employee 1, the ability to claim a first-time homebuyer credit on his individual tax return, a tax credit that existed at the time of the transaction. Diana Yates and others agreed with Employee 1 that Employee 1 would eventually transfer title back to the Bank of Oswego. The agreement with Employee 1 to facilitate the purchase of A Avenue Property in his name was never disclosed in writing.

As part of the agreement, in or about May of 2011, Employee 1 transferred title to A Avenue back to the Bank of Oswego to facilitate the sale of the A Avenue Property to an individual, hereinafter Customer 1.

    c.  Knowledge

Diana Yates admits that at the time of the transaction she knew and agreed to give a thing of value in exchange for an extension of credit through the Bank of Oswego (a financing institution), that the extension of credit had an indirect impact on the Federal Reserve and that the thing of value and all material facts with respect to the arrangement were not disclosed in writing.

6.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct**:  The parties agree that defendant's relevant conduct, pursuant to USSG § 2C1.2(a)(2) is a Base Offense Level of 9. The parties also agree a 2-level enhancement applies pursuant to USSG § 2C1.2(b)(2).

8.    **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.    **Joint Sentencing Recommendation**:  The parties agree to recommend a probationary, noncustodial sentence. The parties are each free to argue any position on the length or conditions of probation.

Ms. Hoffman
Re: Yates Plea Agreement Letter
Page 4
3/23/2022

10.    **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

11.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that defendant's conviction under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant

Ms. Hoffman
Re: Yates Plea Agreement Letter
Page 5
3/23/2022

fails to raise a breach claim in district court, defendant has waived any such claim and is
precluded from raising a breach claim for the first time on appeal.

15.     **Restitution**:  Based on the Court's prior decision, the government is not seeking
restitution. Defendant understands that victims could still request restitution and that this
agreement does not bind the Court on restitution issues.

16.     **Memorialization of Agreement**:  No promises, agreements, or conditions other than
those set forth in this agreement will be effective unless memorialized in writing and signed by
all parties listed below or confirmed on the record before the Court.  If defendant accepts this
offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17.     **Deadline**:  This plea offer expires if not accepted by February 4, 2022, at 5:00 p.m.

                              Sincerely,

                              SCOTT ERIK ASPHAUG
                              United States Attorney

                              QUINN                    Digitally signed by QUINN
                              HARRINGTON
                              HARRINGTON                Date: 2022.03.23 13:43:00 -07'00'

                              QUINN P. HARRINGTON
                              Assistant United States Attorney

Ms. Hoffman
Re: Yates Plea Agreement Letter
Page 6
3/23/2022


I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.


3/24/22
_____
Date

Diana P. Yates
_____
Defendant


I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/24
_____
Date

_____
Attorney for Defendant